Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8673 | **DATE** | 2/6/2002 |
| **CASE TITLE** | Rovello vs. Grieger | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We affirm the Bankruptcy Court's dismissal of Count VII of the adversary complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 0 6 2002 | |
| | Notified counsel by telephone. | | date docketed | 4 |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 02 FEB -6 PM 12:25 | date mailed notice | |
| SCT | courtroom deputy's initials | FILED-ED 10 Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED FEB 0 6 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE WILLIAM "BUD" GREIGER, ) ) Debtor. ) ) ──────────────────────── ) ) RAYMOND ROVELLO, ) ) Plaintiff, ) vs. ) ) WILLIAM "BUD" GREIGER and ) MARVA PAULL, ) ) Defendants. ) | 01 C 8673<br><br>00 B 37001<br><br>00 A 00266 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Appellant and creditor Raymond Rovello ("Rovello") seeks review of an order of the bankruptcy court dismissing a count of his adversary complaint. For the reasons set forth below, we affirm the decision of the bankruptcy judge.

### BACKGROUND

Rovello is the owner of a storefront on South Pulaski Avenue in Chicago. He claims that he and the bankrupt party, William Grieger ("Grieger"), entered into a lease for the Pulaski Avenue store. He asserts that Grieger's obligations under the lease have not been satisfied and that those debts are not dischargeable under 11 U.S.C.

§ 523(a)(2)(A), (B). The adversary complaint he filed to establish the status of the debts he alleges Grieger owes him also contained a count disputing the dischargeability of a debt owed to Marva Paull, who had won a judgment in a suit in which Grieger was a defendant in July 2000. Rovello added Paull to his complaint as an additional defendant, but nowhere in the pleading did he assert any rights in Grieger's debt to Paull. On October 2, 2001, the bankruptcy judge dismissed seven of the eight counts of the adversary complaint. The count that alleged nondischargeability of the debt to Paull, Count VII, was dismissed with prejudice. It is this dismissal that Rovello appeals.

## DISCUSSION

We have jurisdiction to hear this appeal under 28 U.S.C. § 158(a). Although the bankruptcy court's order did not state the rationale behind its decision to dismiss the count in question, the record reveals two separate reasons why the count was legally deficient. We affirm for two reasons: there is no evidence of any debt to Paull and, even if there were, Rovello would not have standing to assert nondischargeability of that debt.

The debt allegedly owed to Paull arises from a judgment of the Circuit Court of Cook County, entered in July 2000. However, the order of final judgment in that case states: "It is ordered that plaintiff Marva Paull have and recover judgment against Nadine M. Zapolsky on the verdict in the sum of $227,000 plus the costs of this action."

The order, though naming Grieger as a defendant in the caption, makes no mention of his liability for the final judgment. It would therefore appear that Rovello is asserting dischargeability of a debt that does not exist.

In any event, Rovello does not have standing to contest the dischargeability of another's debt. Under 11 U.S.C. § 523(a)(6), debts that result from willful and malicious injury by the debtor to another entity or its property are nondischargeable. Rovello's appeal is based on Bankruptcy Rule 4007(a), which states that "[a] debtor or any creditor may file a complaint with the court to obtain a determination of the dischargeability of any debt." He argues that this rule gives any creditor in a bankruptcy proceeding standing to assert nondischargeability of any of the bankrupt party's debts, whether owed to the complainant or not, that fall into the exceptions listed in 11 U.S.C. § 523. As an alternative argument, he proposes that the Bankruptcy Rules confer standing to any creditor to step into any other creditor's shoes à la the employment "testers" addressed in Kyles v. J.K. Guardian Sec. Servs., 222 F.3d 289, 298-99 (7th Cir. 2000). Aside from the fact that Rovello's proposed construction of Rule 4007(c) would turn bankruptcy proceedings into a chaotic free-for-all and that the nature of the rights conferred by Title VII to persons seeking employment are very different from those conferred on creditors by the Bankruptcy Code, both of these arguments fall flat in the face of 11 U.S.C. § 523(c)(1), a section that Rovello does not cite in his submissions to the bankruptcy judge or to this court. See In re Linn, 88 B.R.

365, 367 (W.D. Okla. 1988) ("Bankruptcy Rules do not expand or constrict rights and privileges set forth in the Bankruptcy Code but merely clarify unaddressed areas of law or implementation of Code provisions."). The only person who can seek to exempt a debt from dischargeability under § 523(a)(6) is "the creditor to whom such debt is owed." 11 U.S.C. § 523(c)(1); see also In re Fonnemann, 128 B.R. 214, 219 (N.D. Ill. 1991). The allegations in Rovello's complaint make no mention of a connection to Paull that would somehow have made him the creditor for any debts that may have been owed to her, and his papers give three indications that no such connection exists. First, he added Paull as a defendant to the adversary complaint rather than posturing her as an additional plaintiff, seeking relief against Grieger. Second, his proposed construction of the language of Rule 4007 is based on the assumption that he is asserting someone else's rights. Lastly, his attempt to analogize his situation to that of the employment testers implies that he cannot satisfy the traditional requirements for standing because he does not show injury in fact. These three actions add up to the conclusion that Rovello is not and has never been the creditor to whom the debt in Count VII was owed. Thus he cannot except that debt from discharge, even if the record of the final judgment from the state case showed that it existed. 11 U.S.C. § 523(c)(1). Bankruptcy Rule 4007(c) requires that a party seeking to have a debt deemed nondischargeable must file a complaint to that effect with the bankruptcy court within 60 days after the first date set for the meeting of creditors held pursuant to § 341(a); no

one but Rovello filed a complaint within that time period. Since no party who was entitled to contest dischargeability attempted to do so within the 60-day period allowed, the dismissal was properly with prejudice. In re Meyer, 120 F.3d 66, 68 (7th Cir. 1997) (stating that tardiness under Rule 4007(c) is fatal to a request for nondischargeability).

On a side note, we are at a loss as to why Rovello would include this claim in the first place. The funds available to satisfy the debt Grieger allegedly owed him would only be diminished if another debt was found nondischargeable, and since he has no entitlement to any money that may be owed to Paull, the nondischargeability of that debt would seem to offer no benefit to Rovello. Be that as it may, we find no reason to differ from the decision of the bankruptcy court.

## CONCLUSION

For the foregoing reasons, we affirm the bankruptcy court's dismissal of Count VII of the adversary complaint.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: FEB - 6 2002